raised here upon a motion to distribute money in the custody of the Court. And this being an equitable proceeding, the Court will take notice of all the equities which should bind the consciences of the applicants for the fund, and order it to be paid out accordingly.

---

No. 19.—ARMIS, plaintiff in error, *vs.* BARKER, defendant in error.

Stubbs, for the defendant in error, joined issue with a *protestando*, excepting on the ground that the citation in this case notified the defendant to appear at a Supreme Court, to be holden at Macon on the second Monday in February next, pursuant to a writ of error filed in the Clerk's office of the Superior Court of the county of "*Baldwin*," instead of the county of Bibb, in which latter county the cause was tried.

*Per Curiam*—WARNER, J. Let the citation be amended, so as to correspond with the writ of error, which is properly returnable before this Court.

CHARLES ARMIS, plaintiff in error, *vs.* GEORGE R. BARKER, defendant in error.

[1.] On an issue of fraud, suggested by a creditor under the Act of 1823 for the relief of honest debtors, an appeal to another jury, as provided by the Judiciary Act of 1799, will not be allowed.

[2.] On a question of fraud, a new trial will not be granted, where there has been evidence on both sides, and no rule of law violated, nor manifest injustice done; although there may appear to have been a preponderance of evidence against the verdict.

Issue of fraud under Act of 1823 for the relief of honest debtors. Tried before Judge Floyd in Bibb Superior Court, November Term, 1847.

The defendant in error was arrested by virtue of a *capias ad satisfaciendum*, at the instance of the plaintiff in error, and gave